## DEFENSES UNDER A POLICY OF CASUALTY INSURANCE.

Circuit Court of Cuyahoga County.

THE OHIO MOULDING MANUFACTURING COMPANY v. THE STAND-
ARD LIFE AND ACCIDENT INSURANCE COMPANY.

Decided, December, 1903.

*Estoppel—Casualty Insurance—Defending Action Brought Against In-
sured, Not a Waiver of Conditions in Policy.*

In an action against a casualty insurance company to recover the
amount of a judgment for personal injuries secured against the
holder of a policy by one of his employees, the fact that the insur-
ance company defended the action in which the judgment was
secured against the assured, does not amount to an estoppel, nor is
it a waiver of conditions in the policy that it shall not cover loss
from liability for any injuries caused by failure of the assured to
comply with the requirements of any law respecting the safety of
persons, nor to injuries resulting through the employment of a
child.

*Smith & Taft,* for plaintiff in error.
*Hoyt, Dustin & Kelley,* contra.

HALE, J.; WINCH, J., and MARVIN, J., concur.

Error to the court of common pleas.

On the 12th day of May, 1897, the defendant made and issued
to the plaintiff, who was then engaged in the manufacture of
mouldings, doors, sash and blinds, in the city of Cleveland, its
policy of insurance by the terms of which it insured the plaintiff
against damages on account of any injuries to its employees
caused by accident for twelve months from said date. A copy
of the policy is attached to the petition and made a part thereof.
The action was prosecuted by the plaintiff against the defendant
in the court of common pleas to enforce the provisions of this
policy.

The following facts appear from the record:

On the 13th day of October, 1897, during the life of the policy,
Martin Uhas, an employee of the plaintiff, was injured while en-

gaged in said employment. His injuries were caused by accident within the terms of the policy. Immediate notice was given to the insurance company by the plaintiff of such injuries. Uhas claims that his injuries were caused by the negligence of the plaintiff, and brought an action against it to recover compensation for such injuries.

The defense in this action was conducted by the insurance company, as, by the terms of its policy, it was bound to do.

The action resulted in a judgment in favor of Uhas against the plaintiff, which, after a review and affirmance in the circuit court, the plaintiff paid. The total amount of the judgment and costs paid by plaintiff to Uhas was $756.56.

The plaintiff sought in this action to recover of the insurance company the amount of the judgment and costs so paid to Uhas, and all allegations are made in the petition necessary to entitle the plaintiff to a judgment for such sum.

The defendant denied any liability under this policy, and alleged that the policy contained these two clauses:

"1. This policy does not cover loss from liability for any injuries caused by the failure of the assured to comply with the requirements of any law or ordinance respecting the safety of persons.

"2. This policy does not cover loss from liability for injuries to any child employed contrary to law, nor to any child under fourteen years of age, nor does this policy cover any injury due wholly or in part to the employment of any such child."

It is then alleged that Uhas was employed by the plaintiff contrary to law, and reference is made to the act of April 8, 1890, wherein it is provided that no child under the age of sixteen years shall be employed by any person, firm or corporation in this state at employment where its life or limb is in danger, or its morals may be depraved by such employment.

It alleged further that Martin Uhas, at the time of his employment and of his injuries, was a child under sixteen years of age, and that the employment was of a dangerous character whereby his life and limbs were in danger, specifying that the employment was about a rapidly-moving circular rip saw.

The reply took issue with this defense, and alleged that the defendant waived all rights it had to such defense and is estopped from asserting the same by the facts specifically set forth by said reply, the chief of which is that the defendant, with such knowledge as it had of the facts of the case, by taking the burden of the defense of the original action, is estopped.

1. It is claimed that the court erred in the exclusion of evidence offered by the plaintiff in support of the claim made by it that the defendant had waived all rights to insist upon this defense. This evidence consisted mainly of conversations had between the attorney of the insurance company and Philip Decumbe, the general manager of the plaintiff company, and were to the effect that Mr. Wilcox, as attorney for the insurance company, had objected to the plaintiff making any settlement with Mr. Uhas. The policy provides that the assured "Shall not settle any claim except at his own costs, nor incur any expense, nor interfere with any negotiations for settlement in any legal proceeding without the consent of the company given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative." In view of this provision of the policy the plaintiff's testimony was wholly immaterial. If the insurance company did, by an authorized agent, object to any settlement made by the moulding company, it only did what it had a right to do under the terms of the policy, and such evidence would have no tendency in support of a waiver of the condition of the policy relied on by the insurance company. We think there was no error in any of the rulnigs upon the exclusion or admission of testimony.

2. It is claimed that the trial court erred in holding as a matter of law that under the evidence submitted on the trial of the case the insurance company had not waived its right to insist upon the defense made in its answer. We think the court correctly ruled upon this proposition. There was no evidence offered either by plaintiff or defendant upon which a finding of the jury in favor of such waiver could be sustained, unless the mere fact that the insurance company took charge of the defense in the original action against the plaintiff by Uhas was in law such waiver; but we hold that the mere fact that that defense was

conducted by the insurance company as by the terms of the policy it was bound to do, was not and could not operate as a waiver of its rights under the policy. It would hardly be claimed, if the insurance company, without any knowledge whatever that the boy Uhas was under sixteen years of age at the time of his employment and injuries, conducted said defense and subsequently learned the facts as to the age of the boy, that it would be estopped from enforcing the provisions of this policy, or had in any way waived such provisions. The most that can be said of the evidence in this case on behalf of the plaintiff is that Uhas, from the inception of his case against the plaintiff, was claiming his age to be under sixteen years, but that the plaintiff was at all times insisting that he was more than sixteen years at the time of his employment and of his injuries. Statements to that effect were made to the attorney for the insurance company, and it can not rightfully be claimed that because the insurance company, under the assurance by the plaintiff that the boy was more than sixteen years of age at the time of his employment, entered upon and conducted said defense, it waived its right to insist upon the terms of the policy. It was the duty of the insurance company to conduct said defense. It had so contracted in the policy, and it could not be justified in disregarding its contract because Uhas or his guardian claimed him to be less than sixteen years of age, while the assured was insisting that he was of greater age.

The issue was fairly made by the pleadings, whether the employment of Uhas was in violation of the statute above quoted, and therefore any accident to him not within the terms of the policy. The court refused to submit this issue to the jury, but said to the jury that the employment of the boy, if under sixteen years of age, to work in the place he was injured was unlawful. In so charging the jury it is claimed that the court erred. It is true that a question of fact was raised by this issue, and it probably would have been better to have submitted that issue to the jury for determination, but, after a careful consideration of all the testimony bearing upon that issue it is made certain that the jury must have found the employment to have been unlawful. Any other conclusion than that reached by

the jury would not have been permitted to stand. We are, therefore, of opinon that this judgment should not be reversed for this alleged error.

There was some conflict in the evidence offered upon the trial as to the age of the boy at the time of his employment and injuries. That issue was properly submitted to the jury and there was a finding by the jury that the boy was under the age of sixteen years at the time of the injuries.

If we are right in our determination of these several propositions, there is no error for which this judgment should be reversed.

The judgment of the court of common pleas is, therefore, affirmed.